**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

v.

**EAST HILLS FORD SALES, INC., a Delaware Corporation.**

**Civ. A. No. 76–1295.**

United States District Court, W. D. Pennsylvania.

March 3, 1978.

Judith G. Eagle, Frank J. Tuk, Philadelphia, Pa., James S. Bukes, Pittsburgh, Pa., for plaintiff.

Henry W. Fulton, Jr., Stevens, Clark, Laubach & Semple, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

COHILL, District Judge.

### Jurisdiction and Background

The Equal Employment Opportunity Commission ("EEOC") filed an action against defendant, East Hills Ford Sales, Inc. ("East Hills") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* alleging unlawful employment practices. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1343, and 1345.

East Hills filed a Motion for Partial Summary Judgment raising questions as to the permissible scope of the court complaint filed here by the EEOC.

## Facts

On March 28, 1975 Richard Wright had filed with the EEOC a charge against his employer, East Hills, alleging that he was being denied the right to work overtime because of his race. On August 22, 1975 the EEOC issued a determination letter stating that Wright's charge concerning overtime work, was without merit, but that its investigation had disclosed that there was reasonable cause to believe that East Hills had violated Section 704(a) of Title VII by discharging Wright the following work day after he filed his charge with the EEOC. The determination letter included an information sheet entitled *Notice of Conciliation Process* intended to facilitate a collective effort of the parties to resolve the matter. The EEOC later instituted this action.

## Scope of the Complaint

In its court complaint the EEOC alleges that the defendant engaged in unlawful employment practices which "include, but are not limited to the following:

a. The discharge of at least one black employee in retaliation for his having made a charge of employment discrimination with the Commission under Title VII."

■ East Hills, in its Motion for Partial Summary Judgment, endeavors to have dismissed all claims except those relating specifically to Wright's discharge, arguing that the language in the complaint, "Such unlawful employment practices include, but are not limited to . . .", results in an impermissible broadening of the complaint by raising issues which had not been the subject of the EEOC investigation and conciliation. We agree.

■ When the EEOC is unable to obtain an acceptable conciliation, it is authorized to bring a civil action against the respondent. 42 U.S.C. 2000e–5(f)(1). The scope of the EEOC court complaint is not necessarily limited to the original charge. The original charge merely provides the EEOC with "a jurisdictional springboard to investigate whether the employer is engaged in any discriminatory practices." *EEOC v. Huttig Sash & Door Co.,* 511 F.2d 453, 455 (5th Cir. 1975). The EEOC has the right, during its investigation of the filed charge, to compel the production of materials relevant to any claim made in that charge. If, during the investigation, facts to support a charge of discrimination other than that in the filed charge are discovered, that new discrimination may be the subject of a "reasonable cause" determination to be followed by an offer of conciliation. If that conciliation fails, a civil suit may be started without the necessity of filing a new charge on such claim of discrimination. *EEOC v. General Electric Co.,* 532 F.2d 359 (4th Cir. 1976).

■ In other words, the filed charge is sufficient to support a civil action by the EEOC for any discrimination stated in that charge, or developed in the course of a reasonable investigation of that charge, provided such discrimination was included in the "reasonable cause" determination of the EEOC and was followed by compliance with the conciliation procedures fixed in Title VII. *EEOC v. Greyhound Lines,* 411 F.Supp. 97 (W.D.Pa.1976) citing *EEOC v. General Electric Co., supra.*

■ When the EEOC sues in its own name, it may litigate only those claims which have been subjected to the complete administrative processing required by Title VII. *Holden v. H. J. Heinz Co., Inc.,* C.A. 76–20 (W.D.Pa., filed Oct. 17, 1977). Investigation, determination of reasonable cause and genuine conciliation are jurisdictional prerequisites for the maintenance of a civil action by the EEOC. *EEOC v. E. I. Du Pont de Nemours and Co.,* 373 F.Supp. 1321 (D.Del.1974), *aff'd* on other grounds, 516 F.2d 1297 (3d Cir. 1975). See also, *EEOC v. Allegheny Airlines,* 436 F.Supp. 1300 (W.D. Pa.1977).

The relationship between the perimeters of a Title VII court complaint and the preliminary administrative processing of a charge has been judicially explored. In *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970) the Fifth Circuit stated the now widely adopted rule that the scope of an individual's Title VII judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the initial charge of discrimination. See also, *Ostapowicz v. Johnson Bronze Co.,* 541 F.2d 394 (3d Cir. 1976). In *Du Pont, supra,* and in *EEOC v. Magnetics Division of Spang Industries, et al.,* C.A. 75–130 (W.D.Pa., filed May 26, 1976) two district courts of this Circuit applied *Sanchez, supra,* in actions filed by the EEOC.

The extent of the EEOC investigation is the key to the resolution of questions regarding the scope of the judicial complaint. In the instant case we find that the EEOC limited its investigation and conciliation to the question of overtime. Wright's discharge occurred following his filing of the charge with EEOC. The investigation revealed that fact. The applicable part of the August 22, 1975 determination letter states as follows:

"The purpose of Section 704(a) would be defeated if employers could with impunity retaliate against employees for behavior which has the effect of opposing an employment practice made unlawful by Title VII. The Commission therefore finds reasonable cause to believe that Respondent Employer violated Section 704(a) of the Title by discharging Charging Party.

Having determined that there is reasonable cause, in part, to believe that the Respondent has engaged in unlawful employment practices under Title VII of the Civil Rights Act of 1964, as amended, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter. We enclose an information sheet entitled *Notice of Conciliation Process* for the attention of each party."

It is obvious that besides the overtime question, the only issue which was actually investigated by the EEOC was the discharge of Wright, no one else. Wright's firing was found to merit a reasonable cause determination, and there was an unsuccessful attempt at conciliation. No affidavits were submitted to indicate otherwise.

In *EEOC v. National Cash Register Co.,* 405 F.Supp. 562 (N.D.Ga.1975) the court limited the scope of the judicial complaint to consideration of the charging party's claim of discharge while on maternity leave and payment of wages lower than those paid to a male employee for comparable work. The court refused to include the allegation of unspecified unlawful employment practices against women not limited to the discharge of an unknown number of female employees because of their sex as these claims were never investigated and conciliated.

The EEOC has the right to seek redress for any employment discrimination legitimately revealed in a reasonable investigation and subjected to genuine conciliation. *EEOC v. Allegheny Airlines, supra.* In the instant action there is no indication of any set of circumstances, other than Wright's, which were investigated and conciliated. Under this set of facts, the lawsuit must be jurisdictionally limited to the claim of violation of Title VII regarding Wright's discharge.

In its Motion, entitled "Motion . . . for Partial Summary Judgment," East Hills moved that we enter "Partial Summary Judgment in its favor by dismissing all claims, save that of Richard Wright . . ." This rather nebulous prayer is in response to a rather nebulous complaint. We have considered it under Fed.R.Civ.P. 56(d) as a "case not fully adjudicated on motion." There is no genuine issue of material fact supporting liability for any claim other than that of Richard Wright for a wrongful discharge.

AND NOW, to-wit, this 3rd day of March, 1978, after consideration of pleadings, affidavit, memoranda, and oral argu-

ments of counsel, and in accordance with the foregoing Opinion, IT IS HEREBY ORDERED AND DECREED that defendant's Motion for Partial Summary Judgment be and is granted to the extent that the issue to be tried in this case will be limited to the discharge of Richard Wright in alleged retaliation for his having made a charge of employment discrimination with the EEOC.