**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
**Plaintiff,**

**v.**

**GARD CORPORATION, Defendant and Third Party Plaintiff,**

**v.**

**TALL SERVICES, INC., d/b/a Uniforce Temporary Services, Third Party Defendant.**

No. 92–2023–L.

United States District Court,
D. Kansas.

June 19, 1992.

Nora M. Foster, Office of U.S. Atty., Kansas City, Kan., Gretchen D. Huston, Thomas J. Borek, Barbara A. Seely, S. Robert Royal, E.E.O.C., St. Louis Dist. Office, St. Louis, Mo., for plaintiff.

Mark G. Flaherty, Husch & Eppenberger, Kansas City, Mo., for defendant.

Luis Mata, Richard A. Carnahan, Evans & Mullinix, P.A., Kansas City, Kan., Barbara A. Harmon, David J. Waxse, Shook, Hardy & Bacon, Overland Park, Kan., for third-party defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This employment discrimination action was filed by the Equal Employment Opportunity Commission ("EEOC" or "Commission") on behalf of Wilhelmine Bailey and a class of other African–Americans who allegedly were denied permanent employment by the defendant, Gard Corporation ("Gard"), because of their race. The matter is currently before the court on the defendant's motion to dismiss the class claims (Doc. # 11) and on plaintiff's motion to modify the scheduling order (Doc. # 30). Third party defendant Tall Services, Inc., d/b/a Uniforce Temporary Services ("Uniforce"), has also filed a motion to dismiss the third party complaint (Doc. # 51), but that motion is not yet ripe for decision.

For the reasons set forth below the court denies the defendant's motion to dismiss and grants the plaintiff's motion to amend the scheduling order.

Because Gard submitted for the court's consideration materials outside of the pleadings, its motion to dismiss must be treated as a motion for summary judgment and disposed of pursuant to Fed.R.Civ.P. 56. *Hall v. Bellmon,* 935 F.2d 1106, 1109, (10th Cir.1991). The plaintiff has also premised its argument on materials outside the pleadings, recognizing in its response brief that Gard's motion must be considered as one for summary judgment. The notice requirements imposed when a motion to dismiss is transformed into a motion for summary judgment have therefore been met. *Id.* at 1110–11.

When considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the nonmoving party. *Barber v. General Elec. Co.,* 648 F.2d 1272, 1276 n. 1 (10th Cir. 1981). If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmovant may not merely rest on the pleadings to meet this burden. *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511; *Tersiner v. Union Pacific R.R.,* 740 F.Supp. 1519, 1522–23 (D.Kan.1990). More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed. R.Civ.P. 1." *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555.

Ms. Bailey filed a charge with the EEOC against Gard alleging that she was denied permanent employment because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The EEOC began investigating that charge in March or April of 1988. Ms. Bailey later amended her charge to include an allegation of retaliation against Gard. During the course of the EEOC's investigation, information was allegedly uncovered which indicated that Gard had unlawfully denied permanent employment opportunities to African–Americans as a class. The EEOC filed its original reasonable cause determination on September 28, 1990, finding that there was reasonable cause to believe that Ms. Bailey had been retaliated against for filing a charge with the EEOC. This reasonable cause determination, however, failed to expressly make a finding on Ms. Bailey's charge of discrimination in the selection of permanent employees and it failed to make a determination on the class-based discrimination allegedly uncovered. The Commission now claims that those omissions were merely an administrative oversight.

After the reasonable cause determination was issued, the EEOC undertook efforts to conciliate the retaliation claim. On February 4, 1991, the Commission entered a notice that its conciliation efforts had failed. Up to this point the defendant apparently had been acting without legal counsel. Four days later the Commission received a letter from the defendant's newly appointed counsel requesting that conciliation efforts resume. The EEOC agreed, and the parties attempted to negotiate a settlement of Ms. Bailey's claim.

After discovering that the class-based and hiring charges had been omitted from its original reasonable cause determination, the EEOC opted on June 14, 1991 to rescind that letter of determination. It then issued a new reasonable cause letter which found, in addition to Ms. Bailey's retaliation charge, that the defendant had unlawfully denied permanent employment to Ms. Bailey and African–Americans as a class. The Commission sent a proposed conciliation agreement to the defendant's attorney

on July 17, 1991, which included settlement terms for Ms. Bailey's claims and the class claims. On July 30, 1991 the defendant rejected the proposed settlement, allegedly including a counter-offer on Ms. Bailey's claim, but not mentioning the EEOC's proposal as to the class claims. The EEOC then filed this action on January 10, 1992.

Gard contends that the amended reasonable cause letter which included the class claims amounted to unfair surprise. It argues that the class-based claims should therefore be dismissed and this action limited to the retaliation claim included in the original reasonable cause determination. The only legal bases asserted by Gard for this requested relief, however, are that the class claims should be barred by the doctrine of laches and that the EEOC failed to conciliate those claims. Gard contends that it was unfairly prejudiced because "[r]ecords *may be* lost," memories have faded, and witnesses have moved as a result of the three year delay from the time that the EEOC investigation began to the time that the amended determination letter was filed.

█ The EEOC has the authority to enforce Title VII by bringing suit in its own name on claims of "discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge, provided such discrimination was included in the reasonable cause determination of the EEOC and was followed by compliance with the conciliation procedures fixed in the Act." *EEOC v. General Electric Co.*, 532 F.2d 359, 366 (4th Cir.1976) (emphasis omitted); *EEOC v. East Hills Ford Sales, Inc.*, 445 F.Supp. 985, 987 (W.D.Pa.1978). In this case, the class claims asserted by the EEOC were developed in the course of a reasonable investigation of Ms. Bailey's charge and they were the subject of a reasonable cause determination (the amended determination letter). The only question regarding the authority of the EEOC to bring these class claims has to do with its ability to amend the reasonable cause letter by adding new charges.

The defendant cites no authority for the proposition that the EEOC is precluded from amending its reasonable cause determination and reinitiating the conciliation process on the additional charges before filing suit. There is no statute of limitations applied to suits by the EEOC that would limit its ability to change the course of its prosecution once jurisdiction over the complaint is properly obtained. *EEOC v. Great Atlantic & Pacific Tea Co.*, 735 F.2d 69, 81 (3d Cir.), *cert. dismissed*, 469 U.S. 925, 105 S.Ct. 307, 83 L.Ed.2d 241 (1984) (citing *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977)); *EEOC v. American Nat'l Bank*, 652 F.2d 1176, 1181 (4th Cir.1981), *cert. denied*, 459 U.S. 923, 103 S.Ct. 235, 74 L.Ed.2d 186 (1982). Thus, the court concludes that the EEOC had the authority to amend its reasonable cause determination and pursue the charges of class-based discrimination.

■ Gard also argues that the EEOC failed to conciliate the class claims. The EEOC is obligated to make good faith efforts to conciliate employees' claims with the employer before filing suit. *EEOC v. Keco Industries, Inc.*, 748 F.2d 1097, 1101–02 (6th Cir.1984). However, the Commission is under no duty to attempt further conciliation after an employer rejects its offer. *Id.* Here, the EEOC first attempted to negotiate an agreement with Gard on the claims brought by Ms. Bailey. After it added the class claims, the Commission submitted another proposed conciliation agreement to the defendant regarding both Ms. Bailey's claims and the class-based claims. The defendant allegedly rejected the conciliation offer with respect to the Bailey claims and made a counter-offer, but its response to the EEOC proposal did not even mention the proposed settlement regarding the class claims. Under these circumstances, the EEOC was not obligated to attempt further conciliation. *Id.; see also EEOC v. Prudential Federal Savings & Loan Ass'n*, 763 F.2d 1166, 1169 (10th Cir.), *cert. denied*, 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985) (when employer rejected EEOC's proposal and refused to offer serious counter-proposals, district court properly refused to dismiss action for alleged failure of EEOC to conciliate).

■ Finally, Gard argues that the EEOC is precluded by the doctrine of laches from asserting the class claims. A laches defense is cognizable in EEOC actions to enforce Title VII. *See Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, 373, 97 S.Ct. 2447, 2458, 53 L.Ed.2d 402 (1977). The elements of this equitable defense are "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *EEOC v. Great Atlantic & Pacific Tea Co.*, 735 F.2d 69, 80 (3d Cir.), *cert. dismissed*, 469 U.S. 925, 105 S.Ct. 307, 83 L.Ed.2d 241 (1984) (quoting *Costello v. United States*, 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961)).

> [I]n an EEOC Title VII case the trial court's discretion in applying the laches defense, assuming its availability, must take into account that the EEOC is vindicating both the public interest in eliminating employment discrimination and the private interests of those class members it represents. The court's discretion must also be exercised commensurately with Congress' purpose that the Commission's capacity to investigate charges of discrimination not be undermined.

*Id.* at 81; *accord United States v. Lee Way Motor Freight, Inc.*, 625 F.2d 918, 935 (10th Cir.1979).

■ The court concludes that on the record presented to date the defendant has failed to establish that the class claims are precluded by the doctrine of laches as a matter of law. Factual disputes remain concerning whether the defendant or the EEOC was primarily responsible for causing the delay between the time that the EEOC investigation began and the time that the amended reasonable cause determination was made. Moreover, a three year lag does not necessarily give rise to a claim of laches. *See Great Atlantic & Pacific Tea Co.*, 735 F.2d 69 (delay of three years from date EEOC investigation effectively began and date of reasonable cause determination did not justify laches de-

fense). The defendant could have been on notice from the early stages of the investigation that the EEOC was concerned about its employment practices with respect to African–Americans as a class. *See EEOC v. Keco Industries, Inc.,* 748 F.2d 1097, 1101 (6th Cir.1984); *EEOC v. American Nat'l Bank,* 652 F.2d 1176, 1185 (4th Cir. 1981), *cert. denied,* 459 U.S. 923 (1982). Moreover, Gard was given almost seven months in which to prepare its defense of the class-based claims after the amended reasonable cause determination letter was issued.

 In addition, the defendant has failed to establish that it was actually prejudiced by the EEOC's lack of diligence in asserting the class claims. *Great Atlantic & Pacific Tea Co.,* 735 F.2d at 84 (prejudice must be shown by party asserting laches). The defendant asserts only that evidence and witness recollection may have been lost in the intervening time period. It has not, however, provided any concrete examples of such losses. Generalized allegations of harm from the passage of time do not amount to a showing of prejudice sufficient to invoke the doctrine of laches. *EEOC v. Radiator Specialty Co.,* 610 F.2d 178 (4th Cir.1979). The defendant's laches defense will be preserved for determination at the trial of this matter.

The court therefore concludes that the defendant's motion to dismiss the class claims must be denied. In light of this ruling, the court finds merit in the plaintiff's motion to modify the scheduling order. Paragraphs c, d, e, f, g, h, i, and j of the scheduling order are hereby amended to give the parties approximately 90 additional days to comply with the requirements of that order. No further extensions will be granted except to avoid manifest injustice. All discovery shall be completed and nondispositive motions filed on or before December 7, 1992; interrogatories and requests for production shall be served on or before August 3, 1992; plaintiff's expert witness disclosure must be made on or before July 6, 1992; defendant's expert witness disclosure must be made on or before August 17, 1992; third party defendant's expert witness disclosure must be made on or before October 1, 1992; preliminary witness and exhibit lists shall be filed on or before August 17, 1992 and final witness and exhibit lists on or before October 26, 1992; a final pretrial conference will be held on January 4, 1993 at 4:30 p.m. and proposed pretrial orders shall be submitted on or before December 21, 1992; dispositive motions shall be filed on or before February 1, 1993; and the case is set for trial on the calendar beginning June 1, 1993.

It is therefore ordered by the court that the defendant's motion to dismiss class claims (Doc. #11) is denied and the plaintiff's motion to modify the scheduling order (Doc. #30) is granted as set forth above.

The clerk is directed to mail copies of this order to all parties, including the third party defendant, concerning whom the scheduling set forth herein and, as modified, in the original scheduling order, shall also control.

IT IS SO ORDERED.