**LUCKY STORES, INC., Petitioner,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Respondent.**

No. 82–4678.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 1983.

Decided Aug. 30, 1983.

Lawrence K. Rockwell, Oakland, Cal., for petitioner.

Mark S. Flynn, Washington, D.C., for respondent.

Before ALARCON, CANBY and REINHARDT, Circuit Judges.

CANBY, Circuit Judge:

The EEOC filed a civil action alleging the exclusion and unfair termination of women from warehouse positions at Lucky facilities in Vacaville, Sacramento, and San Leandro, California. Lucky sought partial summary judgment to eliminate the Sacramento and San Leandro facilities from the action as being beyond the scope of the EEOC's administrative charge and conciliation efforts, which mentioned only the Vacaville warehouse. The district court denied the motion; Lucky now brings an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and this court's order of November 30, 1982. We affirm.

FACTS

Lucky opened its warehouse facilities in Vacaville in January, 1978, with a skeleton staff; full operations began in June. Vacaville is 40 miles southwest of Sacramento and some 60 miles northeast of San Leandro, the locations of Lucky's pre-existing warehouses in the area. After the Vacaville facility began full operations, Lucky closed its Sacramento warehouse and reduced the activities at its San Leandro location. Of the 296 employees at Vacaville in June, 1978, 203 had transferred from Sacra-

mento or San Leandro; 195 had seniority dates of November, 1977 or before. Based on these facts, the district court found that the Vacaville facility was created, at least in part, from the consolidation of operations and transfer of employees and jobs from Sacramento and San Leandro. The district court also found common ownership and control by Lucky over the three warehouses.

A black woman employed at Vacaville filed a charge with the EEOC in 1979 alleging race and sex discrimination as the reason for Lucky's refusal to rehire her after a lockout in 1978. The EEOC determined that reasonable cause existed to believe that Lucky "exclud[ed] women from warehouse positions prior to 1979 because of sex" as well as that Lucky improperly failed to recall women because of sex after the lockout. Conciliation efforts failed, and the EEOC filed its complaint alleging sex discrimination in hiring and firing at Vacaville. Five days later, the EEOC amended its complaint to allege similar sex-based discrimination at the other two warehouses prior to the transfer and consolidation of · operation in 1978.

## ANALYSIS

In *EEOC v. Occidental Life Ins. Co. of California,* 535 F.2d 533 (9th Cir.1976), *aff'd on other grounds,* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), and *EEOC v. Hearst Corp., Seattle Post-Intelligence Division,* 553 F.2d 579 (9th Cir.1976) (per curiam), this court allowed the EEOC to litigate allegations of different types of discrimination discovered during investigations of other charges of discrimination. The court in *Occidental Life* allowed the new claims because the information supporting them came from a reasonable investigation of the charges filed. *Occidental Life,* 535 F.2d at 541 (quoting *EEOC v. General Electric Co.,* 532 F.2d 359, 366 (4th Cir.1976)). Occidental received adequate notice of the new claims during the administrative investigation. The EEOC referred to those new issues in both the District Director's findings of fact and the EEOC's

determination of reasonable cause. "Thus the EEOC complied with the statute by presenting these issues for conciliation," as required by 42 U.S.C. § 2000e–5(f)(1). 535 F.2d at 542. In *Hearst,* the court similarly allowed the EEOC to bring a civil suit alleging discrimination unlike that alleged by the charging party. The defendant had received adequate notice of the "new" charges during the administrative proceedings. *Hearst,* 553 F.2d at 581.

The district court described this case as involving identical claims of discrimination at different facilities of the same defendant, facilities that Lucky merged into the named facility prior to the filing of the original charge. The court found that, despite the EEOC's not specifically naming the Sacramento and San Leandro facilities, Lucky received "adequate notice that its general warehouse hiring and firing practices were being investigated," and that this notice satisfied the requirements of *Occidental Life* and *Hearst.* The district court found additional support for its conclusion in *EEOC v. American National Bank,* 652 F.2d 1176 (4th Cir.1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 235, 74 L.Ed.2d 186 (1982).

In *American National Bank,* the EEOC sought to include two branches of a bank in its complaint although the EEOC determination letter found reasonable cause at only one branch. The district court concluded that the charges relating to the second branch involved "new discrimination" that could not be made part of the suit. The Fourth Circuit, in a split decision, reversed:

The question was not whether the court had jurisdiction over "new" charges of discrimination brought for the first time by the EEOC in its civil complaint. The crucial issue was instead whether the district court had jurisdiction over the same charges of discrimination against a single defendant, expanded to include the same practices at all its branch offices when the original charge and investigation focused on one city but where there was common ownership and control over branches in both that city and a nearby

city, and where the challenged hiring practices for all branches were similar. *Id.* at 1185. The Fourth Circuit found that the bank received adequate notice and that the charges had been part of the administrative process to a sufficient extent. The court noted that the bank, a single employer operating at multiple locations, had "similar" hiring procedures at both branches, *id.* at 1182 n. 3, so that changes in procedures at one branch would "logically and necessarily" have been made at the other. *Id.* at 1185. The case involved a charge of racial discrimination in hiring at two branch offices subject to unified supervision and control. Moreover, the original charge filed with the EEOC was sent to the branch manager at one office but acknowledged by a vice-president from the other, and the bank's attorney, a participant in the conciliation effort, "presumably represented" not just one branch but the entire organization. *Id.* at 1186.

We need not decide here whether to accept the rule of *American National Bank* that unified operation and control of separate plants is itself sufficient to permit their inclusion in the litigation. The facts here are even less favorable to the employer's argument than those in *American National Bank*. First, in the determination letter to the American National Bank, the EEOC stated that statistics from the second branch were not relevant to its investigation of the first branch, a fact heavily relied on by the dissent. *See* 652 F.2d at 1206, 1208 (Russell, J., dissenting). Even more important is the fact that here the EEOC seeks relief for alleged sex discrimination at Sacramento and San Leandro prior to the opening of the Vacaville warehouse. Two-thirds of the employees at Vacaville transferred from the other two facilities and brought their seniority dates with them. The prior practices at San Leandro and Sacramento could form part of the discrimination alleged at Vacaville, the successor facility. The EEOC has challenged only that alleged discrimination at San Leandro which affected operations and positions later transferred to Vacaville. Lucky notes that operations at the three facilities over-

lapped, the applicant pool differed, different unions represented employees at each facility, and different persons were responsible for hiring at each. Nonetheless, Lucky does not dispute that Vacaville is essentially a consolidation of the Sacramento and San Leandro operations. The facilities share far more similarities and are far more related than the branches in *American National Bank*. Because Vacaville is the successor of those facilities added to the amended complaint, Lucky received "adequate notice during administrative investigation of the substance of the issue subsequently raised...." *Occidental Life,* 535 F.2d at 542.

AFFIRMED.