# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 05-8006

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

*Plaintiff-Respondent*,

*v.*

CATERPILLAR, INC.,

*Defendant-Petitioner*.

_____

Petition for Permission to Appeal from the
United States District Court for the
Northern District of Illinois, Eastern Division.
No. 03 C 5636—**Rebecca R. Pallmeyer**, *Judge*.

_____

SUBMITTED APRIL 20, 2005—DECIDED MAY 27, 2005

_____


Before POSNER, EASTERBROOK, and ROVNER, *Circuit Judges*.

POSNER, *Circuit Judge*. Karon Lambert, formerly employed in Caterpillar's plant in Aurora, Illinois, filed a charge with the EEOC claiming that she'd been fired for spurning her supervisor's sexual advances. After an investigation, the Commission notified Caterpillar that it had "reasonable cause to believe that Caterpillar discriminated against Lambert and a class of female employees, based on their sex." After the Commission's efforts at conciliation failed, it sued

Caterpillar under Title VII, alleging that the company had discriminated against female employees at the Aurora plant. Caterpillar moved for summary judgment on the ground that the allegation of plant-wide discrimination was unrelated to Lambert's charge. The district judge denied the motion. Caterpillar asked the judge to certify her ruling for interlocutory appeal under 28 U.S.C. § 1292(b). She agreed because, as far as she knew, "the Seventh Circuit has not specifically addressed the question of whether a court may review the EEOC's investigation to determine whether a complaint filed on behalf of a group of workers is proper." She certified the following question: "In determining whether the claims in an EEOC complaint are within the scope of the discrimination allegedly discovered during the EEOC's investigation, must the court accept the EEOC's Administrative Determination concerning the alleged discrimination discovered during its investigation, or instead, may the court itself review the scope of the investigation?" We grant leave to appeal, and proceed to answer her question.

When a charge of discrimination is filed with the EEOC, the Commission must notify the alleged offender(s), investigate the charge, and if the investigation gives rise to a reasonable belief that the charge is true, may (with irrelevant qualifications) sue any of the alleged offenders. 42 U.S.C. § 2000e-5(f)(1). Caterpillar argues that the agency's reasonable-cause determination is judicially reviewable, citing such dicta as that the "EEOC may allege in a complaint whatever unlawful conduct it has uncovered during the course of its investigation, provided that there is a reasonable nexus between the initial charge and the subsequent allegations in the complaint," *EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 968 (7th Cir. 1996), or that the Commission "may, to the extent warranted by an investigation

reasonably related in scope to the allegations of the underlying charge, seek relief on behalf of individuals beyond the charging parties who are identified during the investigation." *EEOC v. United Parcel Service*, 94 F.3d 314, 318 (7th Cir. 1996). See also *EEOC v. Wilson Metal Casket Co.*, 24 F.3d 836, 840 n. 3 (6th Cir. 1994); *EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 668-69 (8th Cir. 1992); *Harris v. Amoco Production Co.*, 768 F.2d 669, 684-85 (5th Cir. 1985); *Lucky Stores, Inc. v. EEOC*, 714 F.2d 911, 912 (9th Cir. 1983).

All these, however, are cases that either were filed by a private individual rather than by the Commission or that transpose uncritically language from such cases. For example, the statement in *United Parcel* that the claim sued upon must be "reasonably related" to the initial charge is copied from *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994), a suit by an individual, while the language in *Walner* requiring a "reasonable nexus" between an EEOC suit and the initial charge can be traced through *EEOC v. McLean Trucking Co.*, 525 F.2d 1007, 1010 (6th Cir. 1975), and *EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1361 (6th Cir. 1975), to another private-party suit, *Tipler v. E.I. duPont deNemours & Co.*, 443 F.2d 125, 131 (6th Cir. 1971). No case actually *holds* that the scope of the EEOC's investigation is a justiciable issue in a suit by the EEOC, and *Georator Corp. v. EEOC*, 592 F.2d 765, 767 (4th Cir. 1979), holds that it is not.

The difference between the two classes of case is that exhaustion of administrative remedies is an issue when the suit is brought by a private party but not when the Commission is the plaintiff. Were the private party permitted to add claims that had not been presented in the administrative charge filed with the EEOC, the Commission's informal procedures for resolving discrimination charges, see 42 U.S.C. § 2000e-5(b); 29 C.F.R. § 1601.24, would be by-

passed, in derogation of the statutory scheme. *Great American Federal Savings & Loan Ass'n v. Novotny*, 442 U.S. 366, 375-76 (1979); *Cable v. Ivy Tech State College*, 200 F.3d 467, 476-77 (7th Cir. 1999); *Anjelino v. New York Times Co.*, 200 F.3d 73, 93 (3d Cir. 1999). That is not an issue when the EEOC itself is the plaintiff, which is why a suit by the EEOC is not confined "to claims typified by those of the charging party," *General Telephone Co. v. EEOC*, 446 U.S. 318, 331 (1980); see also *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 291 (2002); *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 368 (1977); *In re Bemis*, 279 F.3d 419, 422 (7th Cir. 2002), and why Caterpillar is mistaken to think that the EEOC's complaint must be closely related to the charge that kicked off the Commission's investigation. "Any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable." *General Telephone Co. v. EEOC, supra*, 446 U.S. at 331. The charge incites the investigation, but if the investigation turns up additional violations the Commission can add them to its suit.

If courts may not limit a suit by the EEOC to claims made in the administrative charge, they likewise have no business limiting the suit to claims that the court finds to be supported by the evidence obtained in the Commission's investigation. The existence of probable cause to sue is generally and in this instance not judicially reviewable. See *FTC v. Standard Oil Co. of California*, 449 U.S. 232, 242-43 (1980); *Stewart v. EEOC*, 611 F.2d 679, 683 (7th Cir. 1979); *Borg-Warner Protective Services Corp. v. EEOC*, 245 F.3d 831, 835-36 (D.C. Cir. 2001).

No. 05-8006                                                  5

A true Copy:

    Teste:

                           _____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*