Sandra Lee BRADY, Plaintiff,

v.

**BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., Defendant.**

No. 05 C 5934.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 25, 2007.

John Thomas Moran, The Moran Law Group, Gabriel Benjamin Galloway, John T. Moran & Associates, Thomas Howard Geoghegan, Despres Schwartz & Geoghegan, Chicago, IL, for Plaintiff.

Cathryn Elizabeth Albrecht, Peter R. Bulmer, Neil Hunter Dishman, Jackson Lewis LLP, Chicago, IL, for Defendant.

## ORDER

REBECCA R. PALLMEYER, District Judge.

Plaintiff Sandra Lee Brady ("Brady") was employed by Defendant Boehringer Ingelheim Phamaceuticals, Inc. ("BIPI"), from October 12, 1992, until her involuntary termination on July 7, 2005. In this lawsuit, Brady alleges that BIPI discriminated against her on the basis of her age, her sex, and her disability status. On June 13, 2006, the court granted BIPI's motion to dismiss the sex discrimination claim as beyond the scope of Brady's underlying EEOC charge. Brady has moved for reconsideration of that ruling. In addition, she has filed a Second Amended Complaint in which she seeks to represent a nationwide class of workers allegedly terminated by BIPI due to their age. BIPI moves to strike the class allegations.

For the reasons set forth below, both motions are granted. Brady's individual sex discrimination claim is reinstated, but her class allegations are stricken.

## PROCEDURAL HISTORY

Three weeks after her July 7, 2005 termination, Brady filed a timely charge of discrimination with the EEOC, the text of which reads in its entirety as follows:

I began my employment with Respondent in October 12, 1992, and my most recent position was Professional Sales Representative. In January 2005, I received a one percent raise, while similarly situated younger co-workers were given much higher raises. On or about January 10, 2005, I began a leave of absence due to my disability. On July 7, 2005, I was discharged.

I believe that I have been discriminated against based on my age, 48 (DOB 9/5/56), in violation of the Age Discrimination in Employment Act of 1967, as

amended, and based on my disability, in violation of the Americans with Disabilities Act of 1990.

August 2, 2005 Charge of Discrimination, Ex. A to Def.'s Mem. Supp. of Mot. To Strike. On October 31, 2005, Brady filed a *pro se* form complaint in this court, alleging age and disability discrimination. (Complaint, Ex. B to Def.'s Mem.) She did not check the box for sex discrimination in that form complaint.

In February 2006, an attorney appeared on Brady's behalf and asked leave to file an amended complaint and to amend her charge. With leave of court, Brady returned to the EEOC and filed a second charge on February 22, 2006, in which she alleged only sex discrimination and asserted: " '[BIPI]'s practice and policy has become to hire women fitting a certain stereotype of womanhood—to wit, the cheerleader stereotype." (February 22, 2006 charge of discrimination, Exhibit E to Def.'s Mem.) The EEOC issued a Notice of Right to Sue with respect to both charges.

Through counsel, Plaintiff filed her First Amended Complaint on March 7, 2006, adding allegations of retaliation and a claim that her discharge was a product of sex discrimination. This court granted BIPI's motion to dismiss that complaint in part. (Order of 6/13/06.) Specifically, the court dismissed Brady's sex discrimination claim, noting that, while the EEOC charge refers to BIPI's *hiring* preferences, Brady's complaint alleged that BIPI's *termination* decision was unlawful. The court reasoned that nothing in either of the two EEOC charges was "like or reasonably related to" an assertion that BIPI discharged Brady on the basis of her sex. *Id.* Brady asks the court to reconsider that order.

In a Second Amended Complaint, filed with leave of court on August 16, 2006, Plaintiff states her intent to represent "all similarly situated former BIPI employees who were discharged or replaced with younger employees within the last two years because of their age" in all of Defendant's United States locations. (Second Amended Complaint ¶ 10.) She alleges that BIPI has discharged or replaced "at least twenty" employees older than age 40 and replaced them with younger workers deemed more physically attractive. *Id.* ¶ 12. BIPI moves to strike the class allegations on several grounds, including Brady's failure to exhaust administrative remedies with respect to those allegations.

## DISCUSSION

### A. Brady's Motion to Reconsider

■ As a general rule, a plaintiff may raise, in a federal complaint, only those claims that were first presented in her underlying charge of discrimination. *Cheek v. Western and Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir.1994). For a claim to fall within the scope of an EEOC charge, the claim must be "like or reasonably related" to the allegations in that charge or reasonably likely to be part of the EEOC investigation. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir.1976). In determining whether this test is met, the court considers whether the charge and the complaint "at a minimum, describe the *same conduct* and implicate the *same individuals.*" *Cheek,* 31 F.3d at 501 (emphasis original). In this regard, plaintiffs are given significant leeway and are not required to allege each and every fact that forms the basis of their claims. *Id.* at 500. Instead, when determining the scope of an EEOC charge, courts will construe the charges with "utmost liberality." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 906 (7th Cir.1981).

The factual statements in an EEOC charge may implicate several types of ille-

gal discrimination. *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 866 (7th Cir.1985). Accordingly, an appropriate inquiry into the scope of the charge will go beyond the bare factual allegations. *Babrocky,* 773 F.2d at 863. The court had earlier concluded that Plaintiff's allegation that Defendant hired "cheerleader"-types did not implicate a claim that her termination was motivated by sex discrimination. On further reflection, the court concludes, contrary to its earlier ruling, that Brady's allegations concerning her termination are sufficiently related to her assertions regarding BIPI's alleged hiring preferences. The underlying concern with the "scope of the charge" doctrine is whether the charge provided notice to the defendant of the nature of the plaintiff's complaint. *See O'Keefe v. Varian,* No. 95 C 4281, 1998 WL 417498 *6 (N.D.Ill. July 23, 1998) (plaintiff's EEOC charge of unlawful failure to re-hire was "like or reasonably related to" and provided adequate notice of, her claim of unlawful discharge). Viewed broadly in light of that concern, the court believes Brady's EEOC complaint provides notice to BIPI that her complaint of termination is based on the idea that she does not fall within BIPI's alleged favored "cheerleader" sexual stereotype, and therefore was terminated so that BIPI could install a "cheerleader" in her place. *See generally Babrocky,* 773 F.2d at 866 (holding that allegations of sex-segregated job classifications encompass discrimination in hiring, firing transfer and promotion policies).

Brady's motion to reconsider the order dismissing her sex discrimination claim is granted, and the claim is hereby reinstated. In ruling that Brady fairly put Defendant on notice of her sex discrimination claim, however, the court acknowledges that a "cheerleader"-type employee may well be female, and expresses no opinion on the merits of Plaintiff's claim that a preference for such workers constitutes sex discrimination.

**B. BIPI's Motion to Strike, or Dismiss in Part, Plaintiff's Second Amended Complaint**

In her Second Amended Complaint, Plaintiff alleges that BIPI has a "policy nationally" of replacing older employees with younger workers deemed more physically attractive. (Second Amended Complaint ¶ 11.) She seeks to represent a nationwide class of these older workers. *Id.* ¶ 10. Although the court granted Plaintiff leave to file her Second Amended Complaint, BIPI correctly notes that it did so without notice of Plaintiff's intentions to bring a class action. To the contrary, in asking leave to amend, counsel made no mention of a class, instead explaining vaguely that an amendment was appropriate based upon "some other factors that are coming out," and his view that "there is [sic] some factual allegations that are necessary to be made." (Aug. 2, 2006 Transcript of Proceedings, Ex. B to Def.'s Mem., at 3.)

BIPI has moved to strike the class allegations and raises a number of procedural objections. Most significantly, BIPI points out that Plaintiff has not exhausted her administrative remedies with respect to class claims. As noted, a plaintiff is permitted to bring suit only on discrimination claims that were included in her EEOC charge, or those that are "like or reasonably related" to the claims in her EEOC charge. *Cheek,* 31 F.3d at 500. Brady's July 7, 2005 EEOC charge, Brady states only that "I was discharged ... based on my age," and makes no reference to other possible victims of similar discrimination at the office where Brady was employed, let alone in other BIPA locations. Such allegations do not support a class complaint. *See Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 127–28 (7th Cir.1989) (holding class allegations to be beyond the scope of the complaint where

the EEOC charge described only specific individual instances of discrimination). In a number of cases, courts in this district and others have refused to permit a private plaintiff to expand an individual charge of discrimination into a class action lawsuit. *See Maclin v. Northern Telecom, Inc.*, No. 95 C 7485, 1996 WL 495558, at *3 (N.D.Ill. Aug. 28, 1996); *White v. Mercy Hosp. & Med. Ctr.*, No. 93 C 7097, 1994 WL 249545, at *2 (N.D.Ill. June 7, 1994); *Latuga v. Hooters, Inc.*, No. 93 C 7709, 1994 WL 113079, at *2 (N.D.Ill. April 1, 1994); *Hoffman v. R.I. Enters., Inc.*, 50 F.Supp.2d 393, 401 (M.D.Pa.1999). This rule may be relaxed in circumstances where the underlying charge makes explicit reference to the claims of other employees, *see Binion v. Metropolitan Pier & Exposition Auth.*, 163 F.R.D. 517 (N.D.Ill. 1995); *Ruiz v. Adecco Employment Servs.*, No. IP02–1302–C, 2002 WL 31427454 (S.D.Ind. Oct. 25, 2002), or where the EEOC itself brings a class action as a result of its investigation of an individual charge. *Equal Employment Opportunity Commission v. Caterpillar, Inc.*, 409 F.3d 831 (7th Cir.2005).

Neither of those exceptions is available here. As quoted above, Brady's original charge of discrimination referred only to her own employment circumstances: "I began my employment ... I received a one percent raise ... I began a leave of absence.... I was discharged.... I believe that I have been discriminated against based on my age ... and based on my disability...." Her later charge referred only to sex discrimination and identified Defendant's alleged "practice and policy" of hiring women who fit the "cheerleader stereotype." None of these allegations put Defendant fairly on notice of Plaintiff's intention to represent a nationwide class of employees terminated based on their age.

Finally, without ruling on the issue, the court notes its doubts about whether the allegations presented here would support class action treatment. A class action under the ADEA adheres to the opt-in class mechanism set forth in 29 U.S.C. § 216(b) rather than the opt-out class procedure provided in Fed.R.Civ.P. 23, and requires only a showing that opt-in class members are similarly situated with one another. *See generally Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir.2001); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir.1996) ("in creating a collective action procedure for ADEA actions, Congress clearly adopted the opt-in joinder procedures of section 216(b) of the FLSA and thus impliedly rejected the Rule 23 [opt-out] class action procedures applicable to Title VII actions.") The court is uncertain, on this undeveloped record, that Plaintiff can meet even the modest burden of establishing that the workers she seeks to represent are similarly-situated victims of a common unlawful policy. The other workers she claims to represent are in unidentified locations throughout the nation, and work in unidentified positions, presumably under a variety of supervisors, each of whom likely had input in the discharge decision. The court suspects that the manner and method in which Defendant's alleged preference for the "cheerleader"-type influenced termination decisions varied with respect to male and female employees throughout the nation.

Evidence that Defendant has a corporate preference for younger workers, and that such a preference influenced other termination decisions, may well be admissible in the trial on Plaintiff's own claims. Her allegations on behalf of a purported class of victims of age discrimination are stricken.

## CONCLUSION

Plaintiff's motion for reconsideration (38) is granted, and her sex discrimination claim is reinstated. Plaintiff's motion to supplement her brief in opposition to Defendant's motion to strike (84) is granted. Finally, Defendant's motion to strike Plaintiff's class allegations (62) is granted. A status conference is set for Wednesday, November 7, 2007, at 9:00 a.m.