EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

CHICAGO MINIATURE LAMP
WORKS, Defendant.

No. 79 C 2362.

United States District Court,
N. D. Illinois, E. D.

Nov. 13, 1981.

John C. Hendrickson, Carl B. Mitchell,
E.E.O.C., Chicago, Ill., for plaintiff.

Nancy L. Nesewich, Adam, Fox, Marcus,
Adelstein & Gerding, Chicago, Ill., for de-
fendant.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Equal Employment Opportunity Commis-
sion ("EEOC") sues Chicago Miniature
Lamp Works ("CMLW") under Title VII of
the Civil Rights Act of 1964 ("Title VII," 42
U.S.C. § 2000e et seq.), claiming that
CMLW has failed (a) to recruit, hire and
promote Blacks and (b) to promote Hispan-
ics. CMLW has moved for summary judg-
ment. For the reasons stated in this memo-
randum opinion and order its motion is de-
nied.

On March 9, 1978 Ed Randolph ("Ran-
dolph") filed a charge with EEOC alleging
that CMLW failed to promote him because
of his race (Randolph is a Black). EEOC's
November 9, 1978 determination letter
found reasonable cause to believe that Ran-
dolph's charge was true and additionally:

that Respondent is discriminating against
Blacks as a class in hiring and recruiting,
and Blacks and Hispanics in promotions.
Our finding is based on statistical data
pertaining to population, the Respon-
dent's work force, and movement within
the Respondent's work force.

EEOC then filed this action against CMLW
alleging such discrimination against Blacks
and Hispanics generally.[1]

For the most part Title VII actions are
limited in scope to charges stated in the
administrative complaint filed with EEOC.
*Jenkins v. Blue Cross Mutual Hospital In-
surance, Inc.*, 538 F.2d 164, 167 (7th Cir.
1976). But entirely consistently with *Jen-
kins* a host of other courts have espoused
the principle, as stated in *EEOC v. General
Electric Co.*, 532 F.2d 359, 366 (4th Cir.
1976) (emphasis in original), that EEOC can
bring a federal civil action for:

*any discrimination stated in the charge
itself or developed in the course of a
reasonable investigation of that charge*
. . . .

Here the original charge filed with EEOC
stated only a claim of *individual* discrimina-
tion. But EEOC's determination letter said
that its investigation stemming from that

---

1. Randolph subsequently intervened as an indi-    vidual plaintiff.

charge had revealed *class-wide* discrimination against Hispanics and Blacks. There is thus no doubt that on its face EEOC's statement supports its Complaint under the *General Electric* test.

CMLW's attack is premised on the assertion that EEOC's investigation did not actually reveal such widespread discrimination, so that EEOC lacked any basis for finding class-wide discrimination. It argues from that premise that EEOC's Complaint must be limited to an allegation of individual discrimination against Randolph.

CMLW's motion asks this Court to look behind EEOC's express finding of broad-scale discrimination to decide whether EEOC had any reasonable basis for making that finding. Such an endeavor is both conceptually and procedurally unsound.

That line of inquiry would deflect the efforts of both the Court and the parties from the main purpose of this litigation: to determine whether CMLW has actually violated Title VII. Acceptance of CMLW's theory would entitle *every* Title VII defendant to litigate as a preliminary matter whether EEOC had a reasonable basis for its determination. There is after all no logical distinction between cases where suit is brought on the original charge and cases where new charges were discovered in the investigation. Any defendant could just as well challenge whether EEOC had a reasonable basis for a determination of reasonable cause for an *individual* complaint. CMLW's position would effectively make every Title VII suit a two-step action: First the parties would litigate the question whether EEOC had a reasonable basis for its initial finding, and only then would the parties proceed to litigate the merits of the action.

Title VII's statutory scheme clearly indicates that no such procedure was intended by Congress. EEOC's determination of reasonable cause and the nature of its investigation are completely discretionary. EEOC is not required to create a record or hold any sort of hearing. It is permitted to gather any evidence it deems appropriate. Suppose indeed that this Court were to deny CMLW's motion for summary judgment on the ground that a factual issue existed as to whether EEOC had actually found widespread discrimination in its investigation. Must this Court then conduct a hearing to determine what had turned up in EEOC's inquiry? Professor Nathanson has called such a procedure "probing the mind of the administrator" in his *Probing the Mind of the Administrator: Hearing Variations and Standards of Judicial Review Under the Administrative Procedure Act and Other Statutes*, 75 Colum.L.R. 721 (1975). It must be remembered that the statute (understandably) contains no hint of what standard of review should be used in that mind-reading process.

Title VII defendants receive a de novo trial on charges of discrimination. Were EEOC to file a complaint of widespread discrimination when its investigation in fact had *failed* to support its finding, defendants would not be prejudiced as to the final outcome of the litigation. They would of course have been subjected to an unnecessary lawsuit because EEOC had failed properly to investigate the situation. But that potential harm[2] must be weighed against the undesirability of turning every properly-filed EEOC action into a two-fold action. As between those alternatives, the Court finds no contest.

Only two courts appear to have discussed this point directly. Each barred a defendant from litigating the question whether EEOC had a proper basis for a determination. *EEOC v. E.I. DuPont de Nemours & Co.*, 373 F.Supp. 1321, 1338 (D.Del.1974); *EEOC v. General Electric Co.*, 532 F.2d 359, 370 n.31 (4th Cir. 1976); *see EEOC v. Western Electric Co.*, 382 F.Supp. 787, 794 (D.Md.1974).

2. It should be noted that the existence of such harm could be discovered only through a mini-trial inquiring into EEOC's procedures and mental processes. CMLW would effectively subject EEOC and defendants to two trials in most cases to save the second trial (though *not* the first) in the presumably small number of cases where probable cause was entirely lacking.

Moreover our own Court of Appeals has reached a like result in a closely parallel situation. *United States v. Internat'l Ass'n of Bridge, Structural and Ornamental Iron Workers, Local No. 1*, 438 F.2d 679 (7th Cir. 1971) involved the pre-1972 version of Title VII, under which EEOC was empowered only to investigate charges of unlawful employment discrimination, make findings of reasonable cause and then attempt to conciliate charges it found justified. Upon failure of conciliation it referred the charges to the Attorney General. To bring a district court action the Attorney General needed reasonable cause to believe that a pattern or practice of unlawful discrimination existed.

While the specific determinations of reasonable cause were thus somewhat different, each represents an administrative determination of fact that is a jurisdictional prerequisite to bringing a Title VII action. In *Iron Workers* the defendant sought discovery into the basis for the Attorney General's determination of reasonable cause. Our Court of Appeals rejected that assertion in language that applies with equal force to Title VII today (438 F.2d at 681, emphasis added):

> In *United States Building & Const. Tr. Coun.* [271 F.Supp. 447], the court stated: *The statute does not contemplate that the courts shall make a preliminary determination of the Attorney General's finding of reasonable cause.* Rather, the Court's function is to determine whether the defendants have, in fact, engaged in such a "pattern or practice" [of racial discrimination], and to do so as expeditiously as possible. 271 F.Supp. at 453.

We agree with this construction of the statute. The purpose of Section 707(a) is to authorize the Attorney General to bring a federal suit where a "pattern or practice"—rather than a single, isolated act—of racial discrimination is present in an employment practice. *The only issue for the Court, therefore, is whether there has been a violation of the statute and not whether the Attorney General had reasonable cause to believe that there was a violation. United States v. IBEW Local 309, supra.*

A sufficient complaint, by its substantial allegations with respect to the existence of a "pattern or practice" of discrimination, will clearly demonstrate the basis of the Attorney General's "reasonable cause to believe." . . . And, under the provisions of Rule 11, Federal Rules of Civil Procedure, the signature on such complaint constitutes a certification that there is "good ground to support" the allegation that a pattern or practice of racial discrimination exists.

CMLW has made no showing that any different doctrine should apply to EEOC's findings. Indeed the entire notion of "reasonable cause," though judicially rather than legislatively stated, poses identical policy considerations in terms of the proper division of functions between administrator and court. Though not direct precedent, *Iron Workers* is highly persuasive here.

This Court therefore holds that no pre-merits judicial inquiry into the basis for EEOC's investigative findings is proper in the ensuing Title VII action. EEOC's determination that on its face says that widespread discrimination was found in an investigation, followed by a pleading signed in conformance with Rule 11, satisfies the jurisdictional requirement of Title VII.

### Conclusion

There is of course no genuine issue of material fact bearing upon CMLW's motion for summary judgment. That motion is thus denied because this Court finds it legally meritless.[3]

---

3. EEOC also advanced other grounds for denial of CMLW's motion. Though they too appear to have merit, this Court has found it unnecessary to treat with them in light of its conclusion.