**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff-Appellant,**

v.

**KECO INDUSTRIES, INC.,
Defendant-Appellee.**

No. 83–3395.

United States Court of Appeals,
Sixth Circuit.

Argued June 11, 1984.
Decided Nov. 20, 1984.

John D. Sargent, Bruce B. Elfvin, Robert S. Bauders, E.E.O.C., Cleveland, Ohio, Mark S. Flynn (argued), Appellate Division E.E.O.C., Washington, D.C., for plaintiff-appellant.

Robert C. Macek (Lead) (argued), Barrett, Smith, Schapiro, Simon & Armstrong, New York City, Janet K. Cooper, Pickrel, Schaeffer & Ebeling, Dayton, Ohio, for defendant-appellee.

Before KEITH and MARTIN, Circuit Judges, and WEICK, Senior Circuit Judge.

KEITH, Circuit Judge.

The Equal Employment Opportunity Commission (EEOC) appeals the decision of the district court which granted summary judgment for Keco Industries (KECO). For the reasons set forth below, the decision of the district court is reversed and remanded.

This lawsuit was originally based on a charge of discrimination filed on April 30, 1970, by Lena Grimes, a former employee of KECO. Ms. Grimes alleged that she performed the same job of buyer but, because of her sex, she was paid $200 to $300 less than her male counterparts. After investigating her charge, the EEOC issued a reasonable cause decision finding that: 1) Ms. Grimes' allegations were true; 2) KECO had no female buyers; 3) KEKO maintained sex-segregated job classifications in its assembly division; and 4) KECO paid lower wages to female classifications.

The EEOC subsequently brought suit under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* The complaint, along with Ms. Grimes' claims, alleged that KECO had unlawfully discriminated against female employees because of their sex by maintaining sex segregated job classifications, paying women lower wages than men, assigning women to lower paid clerical positions, and refusing to promote them.

Following discovery, KECO moved for summary judgment, arguing that the EEOC had no factual basis for its class based discrimination claims. The district court granted KECO's motion for summary judgment.

On appeal, this Court reversed and remanded the decision of the district court. It was decided that there were issues of material fact regarding the class based discrimination claims that were not adequately covered by Ms. Grimes' individual complaint. Accordingly, we remanded the case to the district court for further proceedings on this matter. *See Equal Employment Opportunity Commission v. Keco Industries, Inc.*, 617 F.2d 443 (6th Cir.), *cert. denied*, 449 U.S. 899, 101 S.Ct. 267, 66 L.Ed.2d 128 (1980).

The district court, on remand, referred this case to a magistrate for discovery proceedings and trial by an order dated January 14, 1981. KECO again moved for summary judgment alleging that the action should be dismissed because the EEOC did not investigate, find reasonable cause on, or conciliate the claims of discrimination against women as a class.

On January 28, 1982, the magistrate issued a report recommending summary judgment. He held that the EEOC failed to fulfill its statutory duties prior to filing suit because: (1) the Commission did not notify KECO within 10 days of the 1970 charge as provided for by section 706(b) of Title VII, 42 U.S.C. § 2000e–5(b); (2) the investigation of the class issues was not of "sufficient magnitude;" (3) the Commission did not issue a reasonable cause decision within 120 days of the charge; and (4) the Commission did not "attempt to make a genuine effort at conciliation of the claims of company-wide sex discrimination." However, the magistrate rejected KECO's argument that no formal determination was made as to class discrimination.

In reviewing the magistrate's report, the district court held that the findings on the time periods for notice and for a reasonable cause decision were incorrect as a matter of law. However, after finding a factual dispute regarding EEOC efforts to investigate and to conciliate this matter, the district court again remanded the case to the magistrate for additional findings of fact.

An evidentiary hearing was held before the magistrate on September 8, 1982. Five EEOC employees involved with processing the charge against KECO testified. In addition, numerous documents from the EEOC administrative file were submitted as exhibits.

After the evidentiary hearing, the magistrate issued a report summarizing the evidence and noted that "although the interpretations placed upon the facts of this case by the opposing parties differ, the facts themselves are not significantly in dispute." The magistrate concluded that "the activities of the EEOC regarding the assembly job classification section consist of an investigator reading Defendant's [KECO] affirmative action program and a conciliator placing general boilerplate language regarding class discrimination into the Conciliation Agreement." The magistrate did not make general findings regarding the sufficiency of the EEOC's investigation or conciliation efforts.

The EEOC subsequently filed a motion objecting to the magistrate's report and seeking district court review. KECO renewed its motion for summary judgment. Ruling on these motions, the district court adopted the magistrate's report, concluding that the findings were not clearly erroneous. Noting that the Commission was required under *EEOC v. Bailey*, 563 F.2d 439 (6th Cir.1977) to provide KECO with an opportunity to participate in a complete investigation and a meaningful conciliation, the court dismissed the suit. The EEOC now appeals that decision.

On appeal, the EEOC argues that the district court erred in granting summary judgment for KECO. Specifically, the EEOC contends the district court erred in examining the sufficiency of the evidence underlying its finding of discrimination by KECO. It further asserts that the undisputed facts establish that its investigation was adequate. The EEOC's final conten-

tion it that it did make a good faith effort to conciliate the class claim against KECO. We agree.

 It was error for the district court to inquire into the sufficiency of the Commission's investigation. In previous cases where the employer has objected to the sufficiency of the EEOC's investigation into a discrimination charge, the courts have precluded use of that objection as a basis for dismissing a charge of discrimination made by the EEOC. *See, e.g., EEOC v. St. Anne's Hospital,* 664 F.2d 128 (7th Cir.1981); *EEOC v. General Electric Co.,* 532 F.2d 359 (4th Cir.1976); *EEOC v. Chicago Miniature Lamp Works,* 526 F.Supp. 974 (N.D.Ill.1981). The courts in these cases rejected this objection because the nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency. The purpose of the EEOC's investigation of a discrimination charge is to determine if there is a basis for that charge. The reasonable cause of determination issued as a result of the investigation is designed to notify the employer of the EEOC's findings and to provide a basis for later conciliation proceedings. *See EEOC v. Chesapeake and Ohio Railway,* 577 F.2d 229 (4th Cir. 1978).

One court recently noted the pitfalls of allowing a Title VII defendant to challenge the sufficiency of an investigation leading to a reasonable cause determination. Judge Shadun in *EEOC v. Chicago Miniature Lamp Works,* 526 F.Supp. 974 (N.D. Ill.1981) insightfully stated:

That line of inquiry would deflect the efforts of both the court and the parties from the main purpose of this litigation: to determine whether [the defendant] has actually violated Title VII. Acceptance of [the defendant's] theory would entitle *every* Title VII defendant to litigate as a preliminary matter whether EEOC had a reasonable basis for its determination.... [This determination] would effectively make every Title VII suit a two-step action: First, the parties would litigate the question of whether EEOC had a reasonable basis for its initial finding, and only then would the parties proceed to litigate the merits of the action. 526 F.Supp. at 975.

In *EEOC v. E.I. Dupont de Nemours & Co.,* 373 F.Supp. 1321 (D.Del.1974) the court held that the potential for delay and diversion is significantly increased when a defendant is allowed to challenge the sufficiency of the evidence underlying a reasonable cause determination. *Id.* at 1338. The court stated that nothing in the legislative history of Title VII indicates that Congress intended such challenges. The court also noted that it is one thing to require the EEOC to adhere to its statutorily mandated procedures, but quite another to unduly burden that agency with additional lengthy litigation. Accordingly, the court concluded the EEOC's reasonable cause determination does not adjudicate rights and liabilities; it merely places the defendant on notice of the charges against him. If the charge is not meritorious, procedures are available to secure relief, i.e. a de novo trial in the district court. *Id.*

In the case at bar, the district court also erred in allowing defendant KECO to challenge the sufficiency of the EEOC's investigation leading to the issuance of the reasonable cause determination. In so ruling, the district court relied upon a decision made by this Court, *EEOC v. Bailey Co., Inc.,* 563 F.2d 439 (6th Cir.1977). We do not find *Bailey* applicable to this case. In *Bailey,* an employer challenged the EEOC's claim that it violated Title VII by engaging in race, sex and religious discrimination. However, the religious discrimination charge did not arise until after the EEOC began its investigation into the charges of race and sex discrimination. The EEOC filed a complaint in district court against the employer, and included the later discovered religious discrimination charge without issuing a reasonable cause determination or attempting conciliation on that claim. The district court nonetheless decided that it had jurisdiction to hear the religious discrimination claim.

On appeal, we reversed the district court's decision that it had jurisdiction over the later included religious discrimination claim. We held that a complaint filed by the EEOC is limited to the investigation *reasonably expected* to grow out of the initial charge of discrimination. The additional and distinct charge of religious discrimination required a separate investigation, reasonable cause determination, and conciliation effort by the EEOC. Accordingly, we ruled that the district court did not have jurisdiction to adjudicate the unprepared religious discrimination claim as it was not reasonably expected to grow out of the initial charges of race and sex discrimination. *Id.*

In the present case, the EEOC has not brought a subsequent, unprepared discrimination claim against KECO. Instead, the EEOC has merely broadened the scope of Ms. Grime's charge by alleging that KECO has engaged in sexual discrimination against all of its female employees in its assembly division. Consequently, the only difference between the EEOC's later charge and Ms. Grimes' initial charge is the number of persons victimized by KECO's allegedly discriminatory practices. As this later class-based claim brought by the EEOC could have reasonably been expected to grow out of Ms. Grime's individual complaint of discrimination, no new additional proceedings were necessary. Thus, we find *Bailey* distinguishable from the present case.

■ After determining that reasonable cause exists, the EEOC must attempt to conciliate the discrimination claim with the employer before it can be the subject of litigation in the district court. Only after the EEOC is unable to obtain an acceptable conciliation agreement from the employer may the agency file suit in court. *See* 42 U.S.C. § 2000e–5(b), (f); *see also EEOC v. Sears, Roebuck and Co.*, 650 F.2d 14, 18–19 (2d Cir.1981); *Patterson v. American Tobacco Co.*, 535 F.2d 257 (4th Cir.1976).

■ In the present case, the district court relied upon the Magistrate's report and determined that the EEOC did not com-ply with its statutory duty to conciliate with KECO on the class-based sexual discrimination claim. Accordingly, the district court granted summary judgment for KECO. We find this decision to be erroneous for several reasons.

In his report the Magistrate found that the EEOC conciliation attempts consisted solely of "placing . . . boilerplate language regarding the class discrimination claim into the conciliation agreement". A review of the record, however, does not support this contention. KECO indicated to the EEOC that it did not wish to settle on the class claim. The company knew the EEOC was concerned about sex discrimination against female employees in the assembly unit. However, KECO chose to defend its policy by referring to approval of the plan by the Cincinnati office of the Defense Supply Agency (DSA).

■ We fail to see how approval of Keco's affirmative action plan by DSA has any relevance to the instant Title VII litigation. Compliance with the affirmative action requirements of one federal agency does not automatically translate into compliance with Title VII. *See Swint v. Pullman Standard Co.*, 539 F.2d 77 (5th Cir. 1976); *Stevenson v. International Paper Co.*, 516 F.2d 103 (5th Cir.1975). Consequently, the EEOC was correct to seek further remedial action to correct the company's alleged discriminatory practices.

The record establishes that the EEOC sought to conciliate the class based claim with Keco. The EEOC found a wage differential and job segregation between male and female employees in the assembly division. In response to these findings, Part III of the EEOC's proposed settlement agreement addressed those earlier findings by stating that all jobs would be open to female employees unless gender was shown to be a bona fide occupational qualification. KECO, however, rejected this conciliation agreement.

■ The EEOC is under no duty to attempt further conciliation after an employ-

er rejects its offer. Before bringing suit, the EEOC must make a good faith effort to conciliate the claim. However, once the employer rejects the conciliation attempts, the EEOC is free to file suit under Title VII. *EEOC v. Radiator Specialty Co.*, 610 F.2d 178, 183 (4th Cir.1979); *EEOC v. Zia Co.*, 582 F.2d 527 (10th Cir.1978). After examining the record in this case we are persuaded that the EEOC sought to conciliate the class-based claim with Keco on a good faith basis. Conciliation efforts broke down only after KECO rejected the EEOC's overtures.

■ The district court finding that the EEOC did not sufficiently conciliate the class claim reflects an apparent dissatisfaction with the EEOC conciliation attempt. This is not the appropriate standard of review. The district court should only determine whether the EEOC made an attempt at conciliation. The form and substance of those conciliations is within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review.

The district court also incorrectly relied upon *EEOC v. Bailey Co., Inc.*, 563 F.2d 439 (6th Cir.1977) in concluding that the EEOC failed to conciliate just as it incorrectly relied upon *Bailey* in concluding that there was an improper investigation by the EEOC. As noted earlier, this Court recognized in *Bailey* that there must be investigation and conciliation of a claim before it can be litigated. It was also recognized that the litigation is limited to matters which can be reasonably expected to grow out of the initial charge of discrimination. In this case, the class-based claim is basically the same as Ms. Grimes' claim; only the number of plaintiffs has changed. Thus, we find *Bailey* inapplicable to the determination of the conciliation issue in this case.

■ We must also address the manner in which this case was handled by the district court. The district court remanded this case to the magistrate "for the sole purpose of taking testimony and evidence regarding efforts to investigate and to conciliate the specific issues raised in this case." In his report and recommendation, however, the Magistrate also issued "findings" and a "conclusion". The district court, in a short, almost summary opinion, adopted the magistrate's findings and conclusion that the EEOC did not properly investigate and conciliate the class-based claim.

Prior to the district court decision, the EEOC filed objections to the magistrate's findings and conclusions. The record indicates that the district court failed to make a de novo determination of the issues underlying the EEOC's objections, as required by 28 U.S.C. § 636(b)(1)(B). This omission constitutes reversible error. *Hill v. Duriron*, 656 F.2d 1208 (6th Cir.1981).

■ Even more importantly, judges are explicitly prohibited from designating magistrates to hear summary judgment motions. *See* 28 U.S.C. § 636(b)(1)(A). Although the initial remand order authorized the magistrate to take evidence and testimony regarding EEOC efforts to investigate and conciliate, the magistrate proceeded to make findings and concluded that summary judgment should be rendered for KECO. The magistrate thereby exceeded his statutory authority. In sum, the district court erred in not hearing this entire matter de novo.

After reviewing the record in this case, we cannot conclude as a matter of law that the EEOC did not fulfill its statutory duties. Accordingly, the decision of the district court is reversed and remanded with instructions to proceed with a trial on the merits.