**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**PARAMOUNT STAFFING, INC., Defendant.**

No. 06–2624–JPM–gbc.

United States District Court, W.D. Tennessee, Western Division.

March 9, 2009.

Deidre Smith, Faye A. Williams, Gwendolyn Young Reams, James Lee, Ronald S. Cooper, Steven W. Dills, Sally Ramsey, Equal Employment Opportunity Commission, Memphis, TN, for Plaintiff.

Paul E. Prather, Brenda Rae Nelson, George W. Loveland, II Kiesewetter Wise Kaplan & Prather, PLC, Memphis, TN, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED UPON EEOC'S FAILURE TO CONCILIATE IN GOOD FAITH

JON PHIPPS McCALLA, District Judge.

Before the Court is Defendant Paramount Staffing, Inc.'s Motion for Summary Judgment Based Upon EEOC's Failure to Conciliate in Good Faith, filed August 22, 2008 (Doc. 31). Plaintiff Equal Employment Opportunity Commission responded in opposition on September 22, 2008 (Doc. 38). Defendant then filed a reply on November 26, 2008 (Doc. 45). For the following reasons, Defendant's motion is DENIED.

## I. BACKGROUND

This case comes before the Court on Plaintiff's claim on behalf of Ernestine Tolar alleging race discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* Specifically, Plaintiff alleges that Defendant contracted with a local Technicolor warehouse to place temporary workers in unskilled labor positions. (Compl. ¶ 8.) Plaintiff states that individuals seeking employment would line up outside the warehouse for multiple hours in advance of the start of a shift and that those individuals remaining after all positions had been filled would be told to go home. (*Id.* ¶¶ 8–9.) Plaintiff asserts that although Tolar received employment through Defendant's predecessor in 2004, Defendant failed to place her once Technicolor contracted with Defendant. (*Id.* ¶ 12.) Plaintiff alleges Defendant did not place Tolar despite the existence of available assignments and that Defendant continually selected Hispanic workers over African American workers, including Tolar, without regard to a worker's prior experience, place in line, or availability. (*Id.*

¶¶ 12–14, 18.) According to Plaintiff, Defendant's managers at times would announce in English to the workers in line that there were no jobs available, would wait for African American workers to leave, and then would employ Hispanic workers who remained in line. (*Id.* ¶ 19.) Plaintiff seeks a permanent injunction, compensation for pecuniary loss on behalf of Tolar and all similarly situated African American workers, and punitive damages, among other relief. (*Id.* ¶ A–I.)

Tolar filed a charge of discrimination with Plaintiff on March 22, 2004. (Def.'s Mot. for Summ. J. 2.)[1] Following a two-year investigation, Plaintiff issued a Letter of Determination on May 24, 2006 stating that Tolar and a class of black employees were denied jobs because of their race. (*Id.* at 2.) In the same letter, Plaintiff requested that Defendant "join with it in a collective effort toward a just resolution of this matter" and submitted a proposed Conciliation Agreement. (*Id.* at 3.) The agreement proposed a total of $2,903,800 for back pay and compensatory damages for two hundred class members allegedly denied job assignments in a two-year period. (*Id.*) Following receipt of the letter and proposal, the parties met to discuss the proposal. (*Id.*)

On July 10, 2006, Defendant made a counter-offer of $111,581.22 for the two hundred class members. (Bland Decl. Ex. C.) The parties further exchanged counter-offers until a representative of Plaintiff, by letter dated August 4, 2006, stated that "unless [Defendant] is willing to meet [Plaintiff's] monetary demand by Thursday, August 11, 2006, I will recommend to the District Director that we fail conciliation." (Bland Decl. Ex. F.) Following a counter-offer by Defendant, Plaintiff stated that Defendant had until August 23, 2006 to accept its counteroffer or Plaintiff would recommend a failure of conciliation. (Bland Decl. Ex. H.) On the same day, Defendant sent Plaintiff a letter stating that it lacked sufficient information to assess the reasonableness of Plaintiff's offers. (Bland Decl. Ex. I.) Plaintiff did not respond to this letter, and on August 24, 2006 it issued a Notice of Conciliation Failure. (Bland Decl. Ex. J.) Plaintiff then filed the instant lawsuit on September 22, 2006.

The parties disagree as to what information was provided to Defendant regarding the class members. Defendant states that despite receiving multiple requests for the identities and any other information about the class members, Plaintiff failed to provide any identifying information. (Def.'s Mot. for Summ. J. 4.) Defendant states that it informally requested the identities of the two hundred class members after Plaintiff filed the lawsuit but that Plaintiff denied its request. (*Id.* at 6.) Defendant states that it also sought the identities through interrogatories and other discovery requests but that Plaintiff has only been able to identify approximately forty class members and produce two individuals for depositions. (*Id.*)

By contrast, Plaintiff asserts that the documents sent to Defendant—the determination letter and subsequent communications conducted during the conciliation process—sufficiently provided a general description of class members and full details about how Plaintiff calculated its damages proposals. (Pl.'s Resp. in Opp. to Def.'s Mot. for Summ. J. 4–5.) According the Plaintiff, the parties' conciliation efforts failed not because Defendant lacked

---

**1.** Defendant did not include a separate Statement of Undisputed Facts with its motion, as required by Local Rule 7.2(d)(2). Nonetheless, Plaintiff states in its response that it only disputes one allegation made in Defendant's factual summary. (Pl.'s Resp. in Opp. to Def.'s Mot. for Summ. J. 4.) That dispute is noted by the Court below.

identifying information about the class members but rather because the parties could not agree how to calculate damages. (*Id.* at 3.) Plaintiff further states that contrary to Defendant's assertions, it provided the names of 281 class members in its Rule 26 disclosures at the beginning of the discovery process. (*Id.*)

Defendant now moves for summary judgment, arguing that Plaintiff lacked a sufficient basis for making demands for two hundred class members prior to filing the lawsuit and thus failed to conciliate in good faith.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548, and the nonmoving party is unable to make such a showing, summary judgment is appropriate. *Emmons v. McLaughlin,* 874 F.2d 351, 353 (6th Cir.1989). In considering a motion for summary judgment, however, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." *Kochins v. Linden–Alimak, Inc.,* 799 F.2d 1128, 1133 (6th Cir.1986), *reh'g denied; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *see also Abeita v. TransAm. Mailings, Inc.,* 159 F.3d 246, 250 (6th Cir.1998), *reh'g and reh'g en banc denied.* A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

## III. ANALYSIS

Defendant asserts that Plaintiff failed to conciliate in good faith by not providing Defendant with the identities of the proposed class members and by allegedly misrepresenting the number of class members. The Court disagrees.

■ Once the EEOC determines that "there is reasonable cause to believe that [a charge filed with it] is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e–5(b). The EEOC "must make a good faith effort to conciliate the claim" prior to filing suit, but "[t]he form and substance of those conciliations is [sic] within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review." *EEOC v. Keco Indus., Inc.,* 748 F.2d 1097, 1102 (6th Cir. 1984). Thus, a district court "should only determine whether the EEOC made an attempt at conciliation." *Id.; see also EEOC v. Mike Fink Corp.,* 1998 WL 34078445 at *3 n. 4 (M.D.Tenn. July 17,

1998) ("[T]he *Keco Indus.* court clearly admonished district courts to avoid qualitative evaluation of the EEOC's conciliation efforts.")

■ Here, the parties' efforts at conciliation were sufficient. Plaintiff proposed an agreement premised on class-based claims, and the parties underwent multiple rounds of renegotiating. Once Defendant rejected Plaintiff's proposal, Plaintiff had no further duty to pursue conciliation and was free to file suit. *See Keco,* 748 F.2d at 1101–02; *see also Mike Fink,* 1998 WL 34078445 at *3 (*citing Keco* ).

Defendant argues that Plaintiff was obligated to disclose the identities of all two hundred class members, but this argument runs contrary to case law.[2] "As long as the outline of the class is identified, each [person] within the 'class' need not be specifically identified in the conciliation process." *EEOC v. Cone Solvents, Inc.,* 2006 WL 1083406 at *9 (M.D.Tenn. April 21, 2006) (finding that the EEOC's reference to a "class of females" that had allegedly been subject to harassment was sufficiently specific). Here, Plaintiff's communications during its conciliation efforts provided a sufficient outline of the class. Plaintiff stated that there were two hundred class members consisting of African American low-skilled temporary workers who sought work at the Technicolor facility. (*See, e.g.,* Bland Decl. Ex. A, H.)

Plaintiff had no duty to disclose more detailed identifying information.

The Court further declines to grant summary judgment based on Defendant's claim that Plaintiff misrepresented the size of the class during the conciliation process. Defendant's argument in this regard relies on its assertion that Plaintiff has only been able to identify forty class members since filing the lawsuit. Plaintiff provides evidence, however, that shortly after filing suit it disclosed the names of 281 class members identified during its investigation of Defendant's employment practices. (*See* Smith Aff. Ex. 1 (listing 281 potential class members).) In light of this evidence, the Court cannot conclude that Plaintiff attempted to strong-arm Defendant into settling by making misrepresentations during the negotiating process.

Defendant argues that Plaintiff falsely stated that it had definitively identified two hundred class members and that such a claim is now disproved because the 281 class members Plaintiff listed were only potential class members.[3] The Court notes, however, that Plaintiff frequently used the word "approximately" when referring to the two hundred class members in its settlement offers, (Bland Decl. Ex. B, Ex. D.), and made no definitive declaration regarding class size. Moreover, Defendant points to no authority stipulating that Plaintiff's estimated class size during conciliation cannot change once litigation com-

---

**2.** Defendant relies heavily on *EEOC v. Asplundh Tree Expert Co.,* 340 F.3d 1256 (11th Cir.2003), and *EEOC v. First Midwest Bank, N.A.,* 14 F.Supp.2d 1028 (N.D.Ill.1998), but these cases, in addition to being non-binding on this Court, are distinguishable from the instant dispute. In Asplundh, the court found that the EEOC failed to specify the legal theory that formed the basis of its claim. 340 F.3d at 1260. In First Midwest Bank, the court noted that the EEOC had mislead the defendant into believing negotiations were unnecessary for a month-long period, quadru-

pled the amount of damages it was seeking with no explanation, and never indicated whether the damages sought were for the class as a whole or for an individual plaintiff. 14 F.Supp.2d at 1032. None of these circumstances were present in this case.

**3.** Defendant states that most of the potential class members never sought employment with Defendant after it became the labor provider for Technicolor. (Def.'s Reply in Supp. of Mot. for Summ. J. 3 n. 1.)

mences. Good faith efforts at conciliation require Plaintiff to estimate reasonably a class size based on the information it possesses when settlement negotiations occur but do not require Plaintiff to adhere rigidly to that figure once additional information is obtained during litigation. Accordingly, the Court does not find that Plaintiff failed to conciliate in good faith in this manner.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Paramount Staffing Inc.'s Motion for Summary Judgment.