**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
**Plaintiff,**

**v.**

**TEPRO, INC., Defendant.**

No. 4:12–cv–75–HSM–SKL.

United States District Court,
E.D. Tennessee,
at Winchester.

Filed Aug. 14, 2014.

Anica C. Jones, Equal Employment Opportunity Commission, Nashville, TN, Faye A. Williams, Kelley R. Thomas, Markeisha Katera Savage, Matthew H. McCoy, Equal Employment Opportunity Commission, Memphis, TN, for Plaintiff.

Marcia Dawn McShane, Mary Dohner Smith, William A. Blue, Jr., Constangy, Brooks & Smith, Nashville, TN, Tamula R. Yelling, Constangy, Brooks & Smith, LLP, Birmingham, AL, Timothy R. Newton, Constangy, Brooks & Smith, Atlanta, GA, for Defendant.

## ORDER

SUSAN K. LEE, United States Magistrate Judge.

Before the Court is a motion to compel depositions [Doc. 49] filed by Defendant Tepro, Inc. ("Defendant"), in which Defendant requests that the Court compel Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "the Commission" or "EEOC") to produce two EEOC employees, Ms. Nancy Kincaide and Ms. Katherine Kores, for deposition by Defendant. Defendant also requests an award of expenses and attorney's fees associated with the motion. Given that the motion was filed a mere week before the year-long discovery period closed, Defendant requested that the Court set an expedited teleconference hearing on this matter. The Court ordered expedited briefing and set an expedited hearing, but denied Defendant's request that the hearing be held via telephone [Doc. 52].[1] Plaintiff filed its expedited response [Doc. 57] in opposition to Defendant's motion, with a memorandum and exhibits in support [Doc. 58]. In Plaintiff's response, Plaintiff sought to quash the subpoenas and, in the alternative as to the deposition of Ms. Kincaide, sought a protective order limiting her testimony.

After a hearing on the motion on August 1, 2014, Defendant submitted a post-hearing brief in support of its motion [Doc. 75], and Plaintiff submitted a post-hearing brief in response [Doc. 76]. Defendant then made an additional supplemental filing of exhibits in support of its motion to

---

1. As a result, this matter was briefed and ripe prior to the close of the discovery period. While the Court expedited the hearing on the motion, due to scheduling conflicts the Court was not able to hold the hearing until August 1, 2014, the day after the discovery period closed.

compel the deposition of Ms. Kores [Doc. 80].

After careful consideration of the parties' proof and arguments, Defendant's motion to compel [Doc. 49] will be **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

## I. FACTUAL BACKGROUND

This case involves allegations of age discrimination against Defendant by Plaintiff on behalf of a class of Defendant's former employees. Specifically, on November 15, 2012, Plaintiff filed a complaint alleging that Defendant terminated certain employees because of their age [Doc. 1]. The Court's scheduling orders entered some six months later on June 21, 2013 [Doc. 11], as amended on June 24, 2013 [Doc. 13], gave the parties more than a year, until July 31, 2014, to complete all discovery. Per its normal practice, the Court's scheduling order also put the parties on notice that it would not intervene in any discovery disputes after the close of discovery and that all discovery must be *completed by* July 31, 2014 [Doc. 13 at Page ID # 57].

The issue in the instant motion focuses on whether Plaintiff must produce Ms. Kincaide and Ms. Kores for deposition by Defendant. On July 16, 2014, Defendant requested via email to Plaintiff's counsel that the parties schedule dates to depose Ms. Kincaide and Ms. Kores, as well as another witness [Doc. 58-1]. On July 17, 2014, Plaintiff responded to Defendant via email, stating that Plaintiff had not identified Ms. Kores as a witness in its initial disclosures and therefore Plaintiff objected to the taking of Ms. Kores's deposition by Defendant [Doc. 58-2]. Plaintiff represented to Defendant that it would move for a protective order if Defendant planned to go forward with deposing Ms. Kores.

Later on July 17, 2014, Defendant noticed the depositions of Ms. Kincaide and Ms. Kores to take place on July 24, 2013 and July 30, 2014, respectively [Doc. 58-3]. The depositions were noticed as being held in Nashville at the law offices of Defendant's counsel, while Ms. Kincaide and Ms. Kores both live and work in Memphis. On July 21, 2014, Defendant emailed Plaintiff reiterating that it planned to go forward with a deposition of Ms. Kores because she was involved in the conciliation process [Doc. 58-4].

On July 23, 2014, Plaintiff responded via email to Defendant, stating that Plaintiff would not produce Ms. Kincaide for deposition because "Defendant noticed this deposition without consulting the Commission and the Commission has not agreed to produce her." [Doc. 58-5 at Page ID # 652]. Further, Plaintiff stated that it would not be producing Ms. Kores for deposition either, because Plaintiff did not list her as a witness in the initial disclosures, and because Defendant noticed the deposition without consulting Plaintiff, even after Plaintiff notified Defendant regarding its objections to Ms. Kores being deposed and its intention to seek a protective order if necessary [*Id.* at Page ID # 652–53].

Later on July 23, 2014, Defendant responded via email to Plaintiff, accusing Plaintiff of obstructing valid discovery efforts by refusing to produce the requested witnesses for deposition [Doc. 58-7]. In the letter, Defendant offered to reschedule the deposition of Ms. Kincaide to take place on July 30, 2014, and to delay Ms. Kores's deposition until after the discovery deadline [*Id.* at Page ID # 657]. Defendant informed Plaintiff that if Plaintiff would not agree to the depositions, Defendant would be filing a motion to compel and seeking sanctions [*Id.*].

Plaintiff responded to Defendant by email that same day, stating that Plaintiff was not making any attempt to obstruct valid discovery [Doc. 58–6]. Plaintiff also reiterated its objection to Ms. Kores' deposition and stated it would seek a protective order if necessary [*Id.* at Page ID # 654]. Plaintiff stated that it would not voluntarily agree to produce either Ms. Kores or Ms. Kincaide for deposition in Nashville [*Id.*].

Defendant filed the instant motion to compel on July 24, 2014 [Doc. 49]. Defendant then reissued the deposition notices for Ms. Kores and Ms. Kincaide to take place in Memphis, Tennessee on July 30, 2014 [Doc. 58 at Page ID # 627–28; Doc. 63 at Page ID # 808; Doc. 62–4]. Plaintiff responded to Defendant, informing Plaintiff that neither Ms. Kores nor Ms. Kincaide would be appearing for the depositions on July 30, 2014 [Doc. 63 at Page ID # 808; Doc. 62–4].

## II. ANALYSIS

### A. Standard

Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). "A party may, by oral questions, depose any person...." Fed.R.Civ.P. 30(a)(1). If a person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who noticed the deposition with the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3). If the court grants the motion, or if the disclosure or discovery is provided after the motion was filed, the court must issue an award of the reasonable expenses incurred in making the motion, including attorney's fees, unless the movant failed to confer in good faith before filing the motion, the opposing party's objection was substantially justified, or other circumstances make an award of expenses unjust. Fed. R.Civ.P. 37(a)(5).

■ Under Rule 26(c), the court may issue protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by placing limitations on discovery, including the taking of depositions. Fed.R.Civ.P. 26(c)(1). The party who seeks a protective order from the court bears the burden of showing that good cause exists. *Nix v. Sword,* 11 Fed. Appx. 498, 500 (6th Cir.2001). In order to demonstrate the required good cause, the party seeking the protective order "must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* (citations and internal quotation marks omitted).

### B. Defendant's Motion to Compel Depositions

#### 1. Deposition of Ms. Kincaide

■ Defendant seeks to depose Ms. Kincaide because it believes that she has information regarding damages and her communications with non-claimants. Defendant states that Plaintiff identified Ms. Kincaide as a potential witness in its initial disclosures. By failing to produce Ms. Kincaide for deposition and by failing to object or file a motion for protective order, Defendant argues that Plaintiff has waived any objection it has to the deposition of Ms. Kincaide.

Plaintiff argues that Defendant failed to properly serve the subpoena and include the witness and mileage fees for the deposition of Ms. Kincaide. Plaintiff states

that it will not voluntarily produce Ms. Kincaide in Nashville, which is more than 200 miles from Memphis, where Ms. Kincaide works and lives. Plaintiff does not contest that it listed Ms. Kincaide as a potential witness in its initial disclosures.

Defendant, in reply, explains that the parties' customary discovery practices included the production of EEOC employees without the issuance of subpoenas. Both parties had previously noticed and taken depositions of each other's employees without subpoenas being issued. The parties had previously discussed whether the EEOC's employees would require subpoenas for depositions, and they had agreed that the subpoenas would not be necessary. Additionally, rather than inform Defendant of Plaintiffs problems with the depositions as noticed, Plaintiff waited until the day before the first deposition date and merely informed Defendant that the witnesses would not be produced.

At the hearing on August 1, 2014, Plaintiff stated it was the Commission's policy to require subpoenas and witness fees for depositions of Plaintiff's employees, despite at least one prior deposition of one of Plaintiff's employees by Defendant without a subpoena or witness fee. Plaintiff also maintained that Ms. Kincaide's deposition should be limited to only the topic of damages, as she only has discoverable information about that topic.

As orally held during the hearing in more detail, given the Court's standing order on depositions [Doc. 12], there is no need for, or any basis to make, a preemptive ruling limiting the deposition of Ms. Kincaide. While the EEOC's late-asserted position about the witness fee appears to be mostly gamesmanship, Defendant has now re-noticed the deposition to take place in Memphis, and has provided a subpoena and witness fee for Ms. Kincaide. Accordingly, Defendant's motion to compel [Doc.

49] will be **GRANTED IN PART** with respect to the deposition of Ms. Kincaide, and her deposition **SHALL** go forward as ruled during the hearing.

## 2. Deposition of Ms. Kores

Defendant seeks to depose Ms. Kores because it believes that she has information about the EEOC's failure to conciliate in good faith, given that she oversaw the investigation and conciliation processes. Plaintiff argues that discovery into this area is impermissible given the Sixth Circuit's holding in *Equal Employment Opportunity Commission v. Keco Industries,* which held that "[i]t was error for the district court to inquire into the sufficiency of the Commission's investigation," and that " '[t]he form and substance of [the Commission's] conciliations . . . is beyond judicial review." 748 F.2d 1097, 1100, 1102 (6th Cir.1984) [hereinafter *Keco* ].

At the hearing, Defendant argued *Keco* is 30 years old and should be overruled, and there is persuasive, albeit not binding, authority that an employer is entitled to such discovery, at least with regard to the scope of the EEOC's investigation. During the hearing, Defendant also represented that it sought the deposition of Ms. Kores so late in the discovery period because Defendant did not realize the extent of Ms. Kores's involvement until it took the deposition of EEOC Investigator Robert Trail, who allegedly indicated Ms. Kores might be able to answer questions that he was unable to answer.

In stark contrast, Plaintiff represented at the hearing that Mr. Trail never mentioned Ms. Kores during his deposition. Plaintiff also argued that Ms. Kores should not be deposed at all because she has knowledge regarding only the investigation and conciliation of this case, which are not proper subjects for discovery under *Keco.*

Given what the Court perceived to be factual discrepancies in the parties' arguments, and a failure to adequately address pertinent case law (Defendant's reply brief did not address *Keco*), the parties were permitted to submit post-hearing briefs in support of their respective positions. The Court directed the parties to address the application of *Keco* and the reasoning of *Equal Employment Opportunity Commission v. Store Opening Solutions, Inc.*, No. 3:10–0237, 2012 WL 1020042 (M.D.Tenn. Mar. 26, 2012) [hereinafter *Store Opening Solutions* ], to the issue of the requested discovery deposition of Ms. Kores. Yet, Defendant failed to address *Store Opening Solutions* in its post-hearing brief. While *Store Opening Solutions* is not binding authority, Defendant's failure to address it under the circumstances is perplexing.

Defendant did offer argument regarding *Keco* in response to the Court's questions at the hearing and in its post-hearing brief, but there is no Sixth Circuit or Supreme Court authority overruling or limiting the holding in *Keco*. In its post-hearing brief, Defendant argues that *Keco* should be reversed, because (1) the deference it accords to the Commission's investigation and conciliation processes "are contrary to the founding principles of our nation and should be rejected as such" [Doc. 75 at Page ID # 1379]; (2) *Keco* does not require Plaintiff to comply with its pre-litigation obligations under law; and (3) *Keco's* holding is unsupported by legislative history. Defendant also makes the following arguments as to why the Court should permit the deposition of Ms. Kores: (1) Defendant is entitled to obtain discovery to build its case for attorney's fees and costs under § 2000e–5(k); (2) Defendant should be permitted to build a record to support its intent to seek reversal of *Keco;* (3) even assuming *Keco's* holding should be applied, Defendant would still be entitled take the deposition of Ms. Kores; and (4) it is the Court's duty to determine whether Plaintiff made a good faith effort at conciliation before bringing the suit against Defendant, and thus that Defendant is entitled to discovery regarding whether Plaintiff's conciliation attempt was made in good faith.

In Plaintiff's post-hearing brief, Plaintiff argues that Defendant has failed to provide any justification for deposing Ms. Kores. Plaintiff makes the following arguments as to why Ms. Kores should not be deposed: (1) Ms. Kores has no relevant knowledge outside the EEOC's investigation and conciliation process, and Defendant has not identified what discoverable information it could elicit from her; (2) *Keco* prohibits inquiry into the form and substance of the EEOC's investigation and conciliation, and *Store Opening Solutions* prohibits discovery regarding the EEOC's investigation and conciliation process; (3) Defendant's argument that it intends to seek attorney's fees does not change the case law established in *Keco* and *Store Opening Solutions* that inquiry into the EEOC's investigation and conciliation is not permitted; (4) the deposition of Mr. Trail provides no basis for deposing Ms. Kores, because she was never mentioned during his deposition; and (5) Defendant's argument that *Keco* should be reversed is irrelevant and lacks merit, as *Keco* is controlling in this circuit.

 The Court will first address Defendant's arguments that *Keco* should be reversed for allegedly being contrary to the founding principles of our nation, for not requiring the Commission to meet its obligations under law, and for being unsupported by legislative history. *Keco,* while not a recent case, is still good law and was recently cited favorably by the Sixth Circuit. *See Serrano v. Cintas Corp.,* 699 F.3d 884, 904–05 (6th Cir.2012).

While Defendant has cited to cases from other district and circuit courts, this Court is bound by the holdings of the Sixth Circuit, including *Keco. See Store Opening Solutions,* 2012 WL 1020042 at *4. Defendant's arguments that *Keco* should be reversed do not provide a basis for ordering the deposition of Ms. Kores regarding the EEOC's investigation or conciliation in this case as *Keco* prohibits inquiry into the form and substance of the EEOC's investigation and conciliation, and *Store Opening Solutions* prohibits discovery regarding the EEOC's investigation and conciliation process.

Next, the Court will consider Defendant's arguments that it needs to "build a record" in order to obtain attorney's fees and to support its intent to seek reversal of *Keco.* Regardless of Defendant's intent to seek statutory attorney's fees or to seek reversal of *Keco, Keco* remains binding on this Court as controlling law in this circuit. The Court's obligation to follow the Sixth Circuit's holding in *Keco* is unchanged by Defendant's future plans or intentions. Accordingly, Defendant's arguments about building a record do not provide a basis for the Court to order the deposition of Ms. Kores regarding the EEOC's investigation or conciliation of this case.

The Court will also consider Defendant's argument that because the Court is obligated to determine whether the EEOC conciliated in good faith, Defendant is entitled to discovery regarding the investigation and conciliation process. True, the Commission is obligated to investigate and conciliate in good faith prior to bringing a lawsuit against a defendant and a court is required to determine if the Commission complied with these pre-litigation obligations. However, judicial review is limited and narrow, as a court may not "inquire into the sufficiency of the Commission's investigation," "because the nature and extent of an EEOC investigation into a discrimination claim is a matter within the discretion of that agency." With regard to conciliation, "[t]he district court should only determine whether the EEOC made an attempt at conciliation," because "[t]he form and substance of those conciliations is within the discretion of the EEOC as the agency created to administer and enforce our employment discrimination laws and is beyond judicial review." *Keco,* 748 F.2d at 1100, 1102. The determination and conciliation letters authored by or sent to Ms. Kores in September of 2010 are in the record [Doc. 80–1]. Defendant's arguments about the Court's obligation to review Plaintiff's compliance with its pre-litigation obligations does not provide a basis for deposing Ms. Kores about the EEOC's investigation or conciliation efforts in this case, as *Keco* prohibits inquiry into the form and substance of the EEOC's investigation and conciliation, and *Store Opening Solutions* prohibits discovery regarding the EEOC's investigation and conciliation process.

The Court will also address Defendant's argument that it is entitled to fully depose Ms. Kores even if *Keco's* holding is applied here. The Court agrees with Defendant that "[a] party may, by oral questions, depose any person...." Fed.R.Civ.P. 30(a)(1). The Court disagrees, however, that Defendant must be permitted to depose Ms. Kores regarding the investigation or conciliation of this case, as these areas are prohibited under *Keco. See Store Opening Solutions,* 2012 WL 1020042, at *4. Defendant has not identified any other reason that Ms. Kores's deposition is necessary, as Defendant has failed to show or even allege that Ms. Kores possesses any discoverable information.[2] It would be

**2.** While Defendant represented at the hearing

that its need to depose Ms. Kores at the elev-

surprising if Defendant were to now contend otherwise given that Defendant has been aware of Ms. Kores' involvement as the EEOC District Director who signed certain determination letters since at least September 2010, but did not even attempt to take her deposition until almost the conclusion of discovery. While Defendant now claims it would be reversible error to deny it the opportunity to depose Ms. Kores, as noted by Plaintiff, " '[a] district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided.' " *Sigmon v. Appalachian Coal Props., Inc.*, 400 Fed.Appx. 43, 50 (6th Cir.2010) (alteration in original) (quoting *Green v. Nevers*, 196 F.3d 627, 632 (6th Cir.1999)).

Accordingly, Defendant's motion to compel [Doc. 49] will be **DENIED** with respect to the deposition of Ms. Kores.

### C. Attorney's Fees and Costs

 Defendant seeks an award of attorney's fees and costs associated with the preparation of this motion [Doc. 49 at Page ID # 451]. Plaintiff opposes Defendant's request for fees and costs [Doc. 57 at Page ID # 620]. Because each party has prevailed on one of the two issues, the Court does not find it appropriate to award fees or costs in this matter.

### III. CONCLUSION

For the reasons above, Defendant's motion to compel [Doc. 49] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

(1) Defendant's motion to compel [Doc. 49] is **GRANTED IN PART** with

respect to the deposition of Ms. Kincaide. Plaintiff **SHALL** produce Ms. Kincaide for deposition by Defendant in Memphis, if the deposition has not already taken place prior to the entry of this order. All questions and objections **SHALL** comply with the Court's standing order regarding depositions [Doc. 12].

(2) Defendant's motion to compel [Doc. 49] is **DENIED IN PART** with respect to the deposition of Ms. Kores.

SO ORDERED.

---

enth-hour of the discovery period became more evident during the deposition of EEOC Investigator Robert Trail, Defendant ignored this representation in its post-hearing brief, perhaps because the word index of the transcript of Mr. Trail's deposition [Doc. 76–1] appears to indicate that Ms. Kores's name did not come up during his deposition in either the questions or the answers given.